UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
-------------------------------------------------------------------------X

Docket No.:

ELIZABETH PERRIN
20600 Breezyhill Drive
Ashburn, VA 20147

Plaintiff,

**COMPLAINT**

Plaintiff Demands a Trial
By Jury

-against-

COURTESY ASSOCIATES, LLC
Serve Registered Agent:
Corporation Service Company
1090 Vermont Avenue, NW
Washington, DC 20005,

and,

SMITHBUCKLIN CORPORATION
Serve Registered Agent:
Ace Corporate Services, Inc.
5148 Linnean Terrace, NW
Washington, DC 20008,

Defendants.
-------------------------------------------------------------------------X

Plaintiff, ELIZABETH PERRIN, by her attorneys, the Law Office of Jeffrey S. Danzig,

P.L.L.C., hereby complains of Defendants, upon information and belief, as follows:

1. Plaintiff complains pursuant to the Americans with Disabilities Act ("ADA"), the Family

   Medical Leave Act ("FMLA"), and to remedy violations of the District of Columbia Family

   Medical Leave Act ("DCFMLA"), and the District of Columbia Human Rights Law

   ("DCHRL") based upon the supplemental jurisdiction of this Court pursuant to *Gibb*, 38

   U.S. 715 (1966) and 28 U.S.C. §1367, *as her former employer* retaliated against her for

   requesting leave under both Family Medical Leave Acts; discriminated against, and

   discharged Plaintiff on the basis of her disability and/or perceived disability, failed to

reasonably accommodate her and to recover lost wages, an additional amount as liquidated damages, punitive damages, reasonable attorneys' fees, and costs.

## JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 42 U.S.C. §2000e et. Seq.; 28 U.S.C. §1331, §1343 and supplemental jurisdiction thereto.

3. This action involves a Question of Federal Law under the FMLA.[1]

4. Venue is proper in this district based upon the fact that a substantial part of the events of omissions giving rise to the claim occurred within the District of Columbia.  28 U.S.C. §1391(b).

## PARTIES

5. Plaintiff (herein also referred to as "Plaintiff") is a female resident of the State of Virginia, County of Ashburn.

6. At all times material, SMITHBUCKLIN CORPORATION (herein also referred to as "SMITHBUCKLIN") was and is a foreign business corporation duly incorporated under the laws of the State of Delaware.

7. Defendant SMITHBUCKLIN was and is a foreign business corporation authorized to conduct business in the District of Columbia.

8. Defendant SMITHBUCKLIN was and is a foreign business corporation which does conduct business in the District of Columbia.

---

[1] Plaintiff filed a charge with the Equal Employment Opportunities Commission ("EEOC") alleging violations of Title VII - ADA and will seek leave from this Court to amend this Complaint to add such claims once she obtains a Notice of Right to Sue Letter from the EEOC.

9. Defendant COURTESY ASSOCIATES, LLC (herein also referred to as "COURTESY ASSOCIATES") was and is a foreign limited liability corporation duly incorporated under the laws of the State of Illinois.

10. Defendant COURTESY ASSOCIATES was and is a foreign limited liability corporation authorized to conduct business in the District of Columbia.

11. Defendant COURTESY ASSOCIATES was and is a foreign limited liability corporation which does conduct business in the District of Columbia.

12. At all times material Defendants SMITHBUCKLIN and COURTESY ASSOCIATES were Plaintiff's joint employers.

13. Defendants SMITHBUCKLIN and COURTESY ASSOCIATES are also collectively referred to as "Defendants".

14. At all times material, Plaintiff was an employee of Defendants.

## MATERIAL FACTS

15. On or about January 9, 2012, Plaintiff began working for Defendants as a "Director of Courtesy Consulting."

16. In or around December 2012, Plaintiff received a bonus and a raise for her work performance with Defendants.

17. On or about February 11, 2013, Plaintiff was involved in a motor vehicle accident and sustained injuries to back, wrist (broken), and forearm.  Here wrist and forearm are still in a cast since the accident, and to date, she continues to endure intermittent back pain.

18. Despite her injuries and disability, Plaintiff returned to work full time soon after the accident.

19. When Plaintiff returned to work, she informed Defendants that she had difficulty writing and typing.

20. Plaintiff's condition continued to worsen.

21. In or around late March 2013, as a result of her disability, Plaintiff's doctor informed her that she would need surgery.  Plaintiff gave Defendants the doctor's note stating that she would need surgery.

22. The doctor's note constituted a request for a reasonable accommodation,

23. On or about April 1, 2013 to April 9, 2013, Plaintiff went-out on FMLA leave due to her own serious health condition, but not for the surgery.

24. Plaintiff's leave was also a reasonable accommodation.

25. Before her leave ended, Plaintiff's learned her condition had worsened further and requested more time off from work.

26. Defendants ignored Plaintiff's additional request for a reasonable accommodation.

27. Defendants failed to engage in the interactive process.

28. On or about April 12, 2013, Defendants terminated Plaintiff.

29. On or about April 12, 2013, Defendants terminated Plaintiff because of her disability and/or perceived disability.

30. On or about April 12, 2013, Defendants terminated Plaintiff for requesting a reasonable accommodation.

31. On or about April 12, 2013, Defendants terminated Plaintiff so they did not have to provide Plaintiff with a reasonable accommodation or engage in an interactive process.

32. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

33. As a result of Defendants' discriminatory and intolerable treatment of Plaintiff, she suffered and continues to suffer severe emotional distress and physical ailments.

34. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

35. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against all the Defendants, jointly and severally.

**AS A FIRST CAUSE OF ACTION**
**AMERICANS WITH DISABILITIES ACT ("ADA")**
**DISCRIMINATION**

36. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

37. Plaintiff claims the Defendants violated Titles I and V of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 et seq.  Section 12112 specifically states:

> General rule. - No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

38. Defendants violated the above, including, but not limited to, failing to reasonably accommodate Plaintiff, failing to engage in the interactive process, and otherwise discriminating against Plaintiff because of her disability and/or perceived disability.

39. Plaintiff suffered damages as a result.

## AS A SECOND CAUSE OF ACTION
## UNDER THE AMERICANS WITH DISABILITIES ACT
## RETALIATION and INTERFERENCE

40. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

41. 42 U.S.C. § 12203, prohibition against retaliation and coercion, provides as follows:

Retaliation

a. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

Interference, coercion, or intimidation

b. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

42. Defendants violated Plaintiff's above rights as set forth herein.

## AS A THIRD CAUSE OF ACTION
## UNDER THE FAMILY MEDICAL LEAVE ACT
## FAILURE TO PROVIDE LEAVE

43. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

44. 29 U.S.C. § 2612 of the FMLA states in pertinent part:

(a) In general

(1) Entitlement to leave: Subject to section 2613 of this title, an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following:

(D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.

**45.** Defendants violated Plaintiff's FMLA rights by failing to provide her with appropriate leave thereunder and terminating Plaintiff because she planned to take such protected leave.

**AS A FOURTH CAUSE OF ACTION**
**UNDER THE FAMILY AND MEDICAL LEAVE ACT**
**RETALIATION & INTERFERENCE**

46. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

47. 29 U.S.C. § 2615 of the FMLA states as follows:

Prohibited acts

i.     Interference with rights

(1) Exercise of rights:  It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.

(2) Discrimination: It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

48. Defendants interfered with Plaintiff's rights under the above sections, discriminated against Plaintiff, and terminated Plaintiff from her employment for requesting leave under the FMLA.

### AS A FIFTH CAUSE OF ACTION
### UNDER THE D.C. FAMILY AND MEDICAL LEAVE ACT
### MEDICAL LEAVE REQUIREMENT

49. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs

of this Complaint as if more fully set forth herein at length.

50. D.C. Code §§ 32-503, Medical leave requirement, states in pertinent part as follows:

ii.      Subject to the provisions of § 32-504, any employee who becomes unable   to perform the functions of the employee's position because of a serious health condition shall be entitled to medical leave for as long as the employee is unable to perform the functions, except that the medical leave shall not exceed 16 work weeks during any 24  month period. The medical leave may be taken intermittently when medically necessary.

51. Defendants violated Plaintiff's DCFMLA rights by failing to provide her with appropriate

leave thereunder and terminating Plaintiff because she planned to take such protected leave.


### AS A SIXTH CAUSE OF ACTION
### UNDER THE D.C. FAMILY AND MEDICAL LEAVE ACT
### RETALIATION

52. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were

more fully set forth herein at length.

53. D.C. Code § 32-507, Prohibited acts [Retaliation], states in pertinent part as follows:

(a) It shall be unlawful for any person to interfere with, restrain, or deny the    exercise  of  or the attempt to exercise any right provided by this chapter.

(b) It shall be unlawful for an employer to discharge or discriminate in any manner against any person because the person:

(1) Opposes any practice made unlawful by this chapter;

(2) Pursuant or related to this chapter;

(A) Files or attempts to file a charge;

(B) Institutes or attempts to institute a proceeding; or

(C) Facilitates the institution of a proceeding; or

(3) Gives any information or testimony in connection with inquiry or proceeding related to this chapter.

54.     Defendants violated Plaintiff's rights under the above sections, discriminated against Plaintiff, and terminated Plaintiff from her employment for requesting leave under the DCFMLA.


**AS A SEVENTH CAUSE OF ACTION**
**UNDER DISTRICT OF COLUMBIA LAW / HUMAN RIGHTS LAW**
**DISCRIMINATION**

55.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

56.     D.C. Code § 2-1402.11 Prohibitions, states in pertinent part:

(a) General -- It shall be an unlawful discriminatory practice to do any of the following acts, wholly or partially for a discriminatory reason based upon the actual or perceived: race, color, religion, national origin, sex, age, marital status, personal appearance, sexual orientation, gender identity or expression, family responsibilities, genetic information, disability, matriculation, or political affiliation of any individual:

   (1) By an employer -- To fail or refuse to hire, or to discharge, any individual; or otherwise to discriminate against any individual, with respect to his compensation, terms, conditions, or privileges of employment, including promotion; or to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities, or otherwise adversely affect his status as an employee;

. . .

(b) Subterfuge -- It shall further be an unlawful discriminatory practice to do any of the above said acts for any reason that would not have been asserted but for, wholly or partially, a discriminatory reason based on the actual or perceived: race, color, religion, national origin, sex, age, marital status, personal appearance, sexual orientation, gender identity or expression, family responsibilities, matriculation, genetic information, disability, or political affiliation of any individual.

57.     Defendants violated Plaintiff's rights under the above sections, discriminated against Plaintiff, and terminated Plaintiff from her employment because of her disability and/or perceived disability, together with failure to reasonably accommodate Plaintiff and failure to engage in the interactive process.


**AS AN EIGHTH CAUSE OF ACTION
UNDER DISTRICT OF COLUMBIA LAW / HUMAN RIGHTS LAW
RETALIATION**

58.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

59.     D.C. Code § 2-1402.61 Coercion or retaliation, states in pertinent part:

(a) It shall be an unlawful discriminatory practice to coerce, threaten, retaliate against, or interfere with any person in the exercise or enjoyment of, or on account of having exercised or enjoyed, or on account of having aided or encouraged any other person in the exercise or enjoyment of any right granted or protected under this chapter.

60.     Defendants violated Plaintiff's rights under the above sections, discriminated against Plaintiff, and terminated Plaintiff from her employment because of her disability and/or perceived disability and because she requested a reasonable accommodation.


**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants, jointly and severally:

A. Declaring that Defendants engaged in unlawful employment practice prohibited by The Family Medical Leave Act, The D.C. Family Medical Leave Act, and The Americans with Disabilities Act, the DCHRL, and that Defendants discriminated against, discharged, and retaliated against Plaintiff on the basis of her disability, and/or perceived disability, together

with a failure to provide a reasonable accommodation, together with retaliation and interference with her FMLA and DCFMLA rights.

B.  Awarding damages to the Plaintiff for any lost wages and benefits, past and future, back pay and front pay, resulting from Defendants' unlawful employment practice;

C.  Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation in an amount in excess of the jurisdiction of all lower courts;

D.  Awarding Plaintiff punitive damages;

E.  Awarding Plaintiff liquidated damages under the FMLA and DCFMLA;

F.  Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

G.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.


## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.


/s/ Jeffrey S. Danzig

Jeffrey S. Danzig, Esquire (D.C. Bar No. 461541)


**WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

April 3, 2014                    Respectfully Submitted,

ELIZABETH PERRIN
By Counsel:


/s/ Jeffrey S. Danzig
Jeffrey S. Danzig, Esquire (D.C. Bar No. 461541)
LAW OFFICE OF JEFFREY S. DANZIG, PLLC
7247 Lee Highway
Falls Church, Virginia 22046
(703) 241-4918 – telephone
(815) 301-9561 – facsimile
JDanzig@Danziglaw.com